IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jarode Jermaine Witherspoon, | ) | Civil Action No. 9:13-2942-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Sgt. S. Mr. Forten Berry, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Jarode Jermaine Witherspoon, ("Plaintiff"), a self-represented prison inmate, filed the instant action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial handling.

On February 19, 2015, the Magistrate Judge issued a Report and Recommendation, ("the Report"), (ECF No. 68), recommending that Defendants' Motion for Summary Judgment, (ECF No. 47), be granted and that this matter be dismissed. Objections to the Report were due by March 9, 2015. Plaintiff did not file a timely Objection with the Court. Instead, on March 17, 2015, Plaintiff transmitted an unsigned, incoherent filing to the Court, docketed as an "Objection," in which Plaintiff appears to both attempt to advance legal arguments and request additional time to respond to the Magistrate Judge's Report. See ECF No. 72. The matter is now ripe for decision.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report and the Plaintiff's Objection.  The Court has undertaken this *de novo* review, even though Plaintiff's "Objection" was late, unsigned and, ultimately, fails to meaningfully address any of the core legal determinations made by the Magistrate Judge.

For the forgoing reasons, the Court concurs with the reasoning of the Magistrate Judge and adopts the Report and incorporates it herein by reference, (ECF No. 68), overruling Plaintiff's Objection and declining to grant any further extension of time to submit additional materials in opposition to the Report.  Defendants' Motion for Summary Judgment, (ECF No. 47), is **GRANTED** and this action is **DISMISSED**.

    **IT IS SO ORDERED.**

                                                  s/Mary G. Lewis
                                                  United States District Judge

April 15, 2015
Columbia, South Carolina